CLEMENTS *VS.* JOHNSON.

---

CLEMENTS *versus* JOHNSON.

1. The defects of an insufficient *scire facias*, in a proceeding against bail, cannot be reached in error, where the record shows a judgment upon *plea withdrawn*.
2. In such case, the court will presume the existence of a plea, competent to reach the defects of the *scire facias*, although the form of the plea be not shewn in the record.

This case was founded on a proceeding in Mobile Circuit court, by *scire facias*, against bail.   The record brought up, by error, in favor of the defendant below, showed a judgment against Clements, the bail, on plea withdrawn.   The question was, admitting the *scire facias*, to be defective, could it be reached in error, after a judgment on plea withdrawn.

*Elliott*, for the plaintiff—*Hitchcock contra.*

LIPSCOMB, C. J.—This was a judgment on a *scire facias*, against Clements, as bail, for the appearance of one Grant. The *scire facias*, according to the case of *Toulmin* vs. *Bennet and Laidlow*,[a] decided at this term, is confessedly defective and bad; and, if the judgment had been on demurrer, or by default, for the want of an appearance, we would, doubtless, reverse it. But, the record shows, that the defendant appeared; and, that he withdrew his plea, and said nothing, in bar, or preclusion of the plaintiff's right of action.

[a] Ante, p. 220

This judgment, although it cannot be, strictly, a confession—yet, it cannot, by any sound reason, be distinguished from one, respecting its effect, as a waiver of defence. The defendant, after having appeared, and plead, withdraws his defence, and says nothing against the plaintiff's right to a judgment. This, it seems to me, was an implied consent, to the judgment. The right to object to the deficiency of the *scire facias*, was one, that belonged to the defendant—it was competent for him to waive it, and to decline claiming any advantage from such defect: and, we must conclude, from the record, that such was the fact.

The form of the plea, that was withdrawn, by the defendant, is not disclosed by the record; but it is fair to infer, that it was such as would have brought the defects of the *scire facias*, to the view of the court. The aspect of the case would not be materially changed, if the record had shown that the defendant had demurred to the *scire facias*, on the ground of its insufficiency, and had, afterwards, withdrawn the demurrer, and let judgment be rendered against him. It would only show more palpably,

impropriety of permitting such defence to be set up, in this court, after it had been waived, in the court below.

It is the opinion of the court, that the judgment must be affirmed.

TAYLOR, J.—The simple inquiry, in this case, is, whether the record shows a waiver of the defects in the *scire facias;* for, it has already been decided, during the present term, that a *scire facias*, like the one in this case, contains no cause of action.

The part of the record, which, it is contended, has this effect, immediately precedes the judgment, and is in the following words: "Came the said parties, by their attornies, and the defendant withdraws his plea, and says nothing, in bar or preclusion of the said plaintiff's action."

It is insisted, that the act of the defendant, in this instance, is tantamount to a confession of judgment. If it be so, there can be no doubt, but the judgment should be affirmed: for, our statute declares, "that judgment on confession, shall amount to a release of errors." But, I can perceive nothing analagous to a confession of judgment, in this case.

We must infer, that the defendant regularly appeared and pleaded, (though no plea is contained in the record,) and when the case was called for trial, because he was not prepared to sustain it, withdrew his plea. Could he have intended, by so doing, to have acknowledged the sufficiency of the *scire facias?* I cannot think so. It appears to me much more probable, he intended to save costs; for, although the additional cost, if he had proceeded to try upon his plea, might have been inconsiderable, yet, they would

have been something, and uselessly incurred, if he was perfectly aware that he could not succeed in his defence. He may have been induced to waive his defence before a jury, from a confidence of success by objecting to the *scire facias*. Had he proceeded to trial, on his plea, and been unsuccessful, it is admitted, he would not have been precluded from objecting to the sufficiency of the *scire facias*. And would there not have been equal reason for the opinion, that he admitted the plaintiff's right of action, by putting his defence upon a plea, which a jury found to be untrue, as by withdrawing that plea, when he became convinced he could not support it? It does seem to me, that the withdrawal of the plea ought to have no effect, and that the case stands in precisely the same situation, that it would have done, had there been the usual judgment, by *nihil dicit*, without any plea having been filed. In either case, there would have been an appearance, and in neither, a defence.

A judgment by default, admits the cause of action stated in the declaration ; but if there be no cause of action there, none is admitted. So, a judgment by *nihil dicit*, admits the regular service of process, and the cause of action contained in the declaration ; but it surely does not admit a judgment to be right, when there is nothing upon which to ground it.

When there is a confession of judgment, it is the confession which sustains the judgment, and it is perfectly immaterial whether there have been any previous proceedings in the court, or not ; not so in the judgment by *nihil dicit*. It is true the defendant contests nothing, but he leaves it incumbent upon the plaintiff, regularly to prosecute and make out his case.

It seems to me, to be a great departure from all authority, to put this judgment, and one by confession upon the same footing.

But it is said that the case of *Hill* vs. *Lambert and brothers*,[a] supports the doctrine contended for. In that case, the contested point was, whether the judgment of the Circuit court was by *nihil dicit*, or confession. In the opinion, it is said, "on these forms, (those of confession of judgment in *Wentworth* and *Tidd*,) the entry is, 'that he cannot *deny the aforesaid action* of the said plaintiff, nor but that he owes,' &c. The entry in this case is, 'that he can not *gainsay the plaintiff's right of action.*' Words, which convey the same idea, and were, no doubt, so intended by the party on whose behalf they were used."

It is thus perfectly evident that this court considered the judgment in the case of *Hill* vs. *Lambert and brothers*, to be by confession ; but that is not pretended in the one we are considering.

I think the judgment should be reversed.

[a] Minor's R. 91.